JUSTICE NELSON
specially concurs.
¶25 I concur in our opinion, although somewhat reluctantly. By the plain language of the amendments which it adopted, the 1993 Legislature appears to have restricted the scope of the Department’s involvement in valuation proceedings under § 77-6-306(3), MCA. Prior to the 1993 amendments, the Department was required to “examine the improvements,” thus contemplating a physical or on-site inspection. From 1993 to the present, however, the Department is required to “examine the records pertaining to the costs of the improvements.” (Emphasis added.) In construing a statute, this Court presumes that the legislature intended to make some change in existing law by passing it. State ex rel. Dick Irvin, Inc. v. Anderson (1974), 164 Mont. 513, 523-24, 525 P.2d 564, 570. Arguably, the 1993 Legislature intended some change in the Department’s review authority under § 77-6-306(3), MCA, and it appears, facially, that the contemplated change was to restrict the Department’s authority to examine the improvements on-site. Unfortunately, given the lack of any definitive legislative history explaining the amendment and taking into consideration the rest of the statutory scheme, this sort of interpretation does not make a whole lot of sense. Thus, what might be an otherwise clear statement of legislative intent in amending the statute becomes confusing and ambiguous.
¶26 I concur in our opinion, because it is about the only interpretation that preserves the entirety of the statutory scheme for valuing improvements. If the legislature had something else in mind, then it will have to make that clear in another statutory amendment.